**FILED**
FEB 15 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | MAGISTRATE CASE No: 08 MJ 8142 |
| Plaintiff, ) | COMPLAINT FOR VIOLATION OF |
| v. ) | Title 8, U.S.C., Section 1324(a)(2)(ii) Bringing in Illegal Aliens for Financial Gain and |
| Jesus ORTIZ, Jr. (1) ) | Title 18, U.S.C. Section 2 Aiding & Abetting |
| Arturo MORENO, Jr. (2) ) | |

The undersigned complainant, being duly sworn, states:

On or about February 13, 2008, within the Southern District of California, defendants Jesus ORTIZ, Jr., and Arturo MORENO, Jr., with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, Erik ESQUIVEL Prado and Veronica PEREZ Castilleja, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2, Aiding & Abetting.

And the complainant states that this complaint is based on the attached Statement of facts, which is incorporated herein by reference.

_____
Izabel Figueroa, CBP
Criminal Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 15th DAY OF FEBRUARY.

_____
PETER C. LEWIS
U. S. MAGISTRATE JUDGE

| | |
|---|---|
| 1 | UNITED STATES OF AMERICA |
| 2 | v. |
|  | Jesus ORTIZ, Jr. |
| 3 | Arturo MORENO, Jr. |

## STATEMENT OF FACTS

The complainant states that this complaint is based upon the reports of the apprehending officers and the investigation conducted by United States Customs & Border Protection Enforcement Officer Leticia Casillas.

On February 13, 2008, at approximately 9:00 P.M., Jesus ORTIZ., Jr., arrived at the Calexico, California, East Port of Entry, as the sole visible occupant driver of a 1999 Chrysler Sebring.

During primary inspection, ORTIZ gave a negative Customs declaration to U. S. Border Protection Officer (CBPO) M. Salazar and presented his California drivers license. CBPO Salazar asked ORTIZ where he was coming from. ORTIZ responded that he was visiting his grandmother. ORTIZ stated that he had owned the vehicle for five years. CBPO Salazar referred ORTIZ and the vehicle to the secondary inspection area. CBPO Salazar proceeded to affix the referral slip and ORTIZ driver's license to the windshield of the vehicle and instructed ORTIZ to drive to the secondary lot. As ORTIZ drove towards the secondary lot he veered his vehicle towards the northbound lane and absconded.

The Calexico Police Department was requested to assist in locating the vehicle. A description of the vehicle was relayed to Calexico Police which resulted in an apprehension at ORTIZ home address. Calexico Police Officers removed the driver ORTIZ from the vehicle along with Arturo MORENO, Jr., and two other occupants Erik ESQUIVEL-Prado and Veronica PEREZ-Castilleja. All occupants of the vehicle were transported to the Calexico, CA West Port of Entry by United States Border Patrol.

ORTIZ was placed under arrest and advised of his rights per Miranda. ORTIZ said he understood his rights and would answer questions without an attorney present. ORTIZ stated he went to Mexicali, Mexico, to make a reservation and claimed he was traveling alone. ORTIZ claimed that when he arrived at the Port of Entry, the primary officer questioned him about the vehicle and instructed him to go to secondary. ORTIZ claims while on his way to secondary he decided to go straight and bypass secondary inspection. ORTIZ then drove to pick up his friend Arturo MORENO, Jr., at MORENO's house and both drove to the McDonald's Restaurant in Calexico. Upon arriving at the McDonald's Restaurant ORTIZ claims he and MORENO were approached by two individuals who asked them if they could give them a ride to Heber, California. ORTIZ stated he and MORENO said they would give them a ride and instead of going inside the McDonald's Restaurant they drove to ORTIZ's home in Calexico, that is when they were apprehended by Calexico Police, and transported to the Calexico West Port of Entry by United States Border Patrol.

Material Witness Erik ESQUIVEL-Prado stated he is a native and citizen of Mexico with no legal documents to enter, reside or pass through the United States. ESQUIVEL stated he made arraignments with two females one named "Bertha". ESQUIVEL admitted he was going to pay approximately $3,000.00 to $4,000.00 to be smuggled into the United States. ESQUIVEL stated his final destination was Sacramento, California, to seek employment. When presented with a photo line-up ESQUIVEL indentified ORTIZ as the person who placed him in the trunk of the vehicle in Mexico prior to arriving at the Port of Entry. ESQUIVEL also identified MORENO as being present when he was removed from the trunk of the vehicle. ESQUIVEL stated both ORTIZ and MORENO instructed them to say they were picked at the McDonald's Restaurant and that he asked for a ride to Heber.

Material Witness Veronica PEREZ-Castilleja stated she is a native and citizen of Mexico with no legal documents to enter, reside or pass through the United States. PEREZ stated she made arraignments with two females one named "Bertha". PEREZ admitted she was going to pay approximately $3,000.00 to $4,000.00 to be smuggled into the United States. PEREZ stated her final destination was Sacramento to seek employment. When presented with a photo line-up PEREZ identified ORTIZ as the person who placed her in the trunk of the vehicle. PEREZ also identified MORENO as being present when she was removed from the trunk of the vehicle. PEREZ stated that ORTIZ and MORENO told her the police was coming and for her to say that she was at the McDonald's Restaurant and asked for a ride to Heber.

Material Witness:

| Name | Country of Birth |
|---|---|
| Erik ESQUIVEL-Parado | MEXICO |
| Veronica PEREZ-Castilleja | MEXICO |

Further, the complainant states that she believes said aliens are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.